IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LINDA JEAN TAYLOR, | ) | CASE NO. 1:03CV1297 |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE HEMANN |
| v. | ) | |
| | ) | |
| CITY OF CLEVELAND, | ) | MEMORANDUM OPINION |
| | ) | |
| Defendant. | ) | |

Pending before the court is Plaintiff's Motion Pursuant to Federal Civil Rule 60 (B) [sic] ("Rule 60(b)"). Plaintiff is proceeding pro se, having previously been represented by counsel. The motion is opposed. For the reasons set forth below, the motion is overruled.

I.

Plaintiff filed an action against the City of Cleveland pursuant to 42 U.S.C. § 1983 alleging, among other things, violations of Title VII, the Age Discrimination in Employment Act, and retaliation for exercise of her First Amendment rights. Upon completion of discovery, defendant filed a motion for summary judgment, which plaintiff opposed. On May 9, 2005 this court granted defendant's motion in its

entirety and entered judgment in favor of defendant. On May 27, 2005 plaintiff filed a Notice of Appeal in the Sixth Circuit Court of Appeals. The instant motion was filed in this court on July 28, 2005. Plaintiff contends that newly discovered evidence merits granting of the Rule 60(b) motion.

The facts underlying plaintiff's claims are set forth in this court's order of May 9. The pending motion is based on two affidavits of co-workers of plaintiff. Plaintiff contends that the affidavits show that she was laid off in retaliation for complaints about her workplace and was not rehired due to age. She maintains that the affidavits show that assertions made by the City of Cleveland were untruthful and the affidavits create issues of fact precluding summary judgment.

II.

Plaintiff's Rule 60(b) motion was filed 80 days after judgment was entered in favor of defendant and 62 days after an appeal was taken. Thus the first issue is whether this court has jurisdiction to consider the motion.

As a general rule, the filing of a notice of appeal divests the district court of jurisdiction and transfers said jurisdiction to the court of appeals. *Hogg v. United States*, 411 F.2d 578 (6th Cir. 1969). The Sixth Circuit, however, has developed a procedure by which an appellant can return to the district court by way of a Rule 60(b) motion. The party is to file a Rule 60(b) motion in the district court. If the district judge is disposed to grant the motion, she enters an order indicating such. The party then files a motion to remand with the court of appeals. If the district court does not enter such an order, the appeal proceeds on course. *First Nat'l Bank of Salem v. Hirsch*, 535 F.2d 343 (6th Cir. 1976)(per curiam).

Rule 60(b)(2) requires that plaintiff come forth with "newly discovered evidence which by

2

due diligence could not have been discovered in time to move for a new trial under Rule 59(b). . . ." Because the case came before the court on summary judgment, plaintiff "must convince the [c]ourt not only that an exercise of due diligence would not have revealed the evidence in question during the pendency of the summary judgment motion, but that it would not have given the plaintiff[] an opportunity to move under Rule 59(e) for a new trial within ten days after the entry of judgment for the defendants." *Flynt v. Brownfield, Bowen & Bally*, 726 F. Supp. 1106, 1110-11 (S.D. Ohio 1989). "In order to prevail on a Rule 60(b)(2) motion, a 'movant must demonstrate (1) that it exercised due diligence in obtaining the information and (2) [that] "the evidence is material and controlling and clearly would have produced a different result if presented before the original judgment."'" *Good v. Ohio Edison Co.*, 149 F.3d 413, 423 (6th Cir. 1998), *citing New Hampshire Ins. Co. v. Martech U.S. A., Inc.*, 993 F.2d 1195, 1200-01 (5th Cir. 1993)(footnote and citation omitted). The new evidence cannot be cumulative or impeaching. *Good*, 149 F.3d at 423.

Plaintiff offered no explanation for providing the affidavits at this late date. These apparently were her co-workers and thus accessible to her prior to now. Defendants filed their motion for summary judgment on December 27, 2004. Plaintiff requested, and was given, a number of extensions of time in which to file a response - extensions totaling 73 days. She then had 10 days after this court entered judgment to file the affidavits and did not do so. There is no excuse for an 83 day delay in bringing forth evidence which was available to her.

Further, this court cannot say that the affidavits produced is "material and controlling" evidence which "clearly" would have produced a different result if produced earlier. It is largely cumulative and impeaching. Under *Good* this evidence is not persuasive in a Rule 60 (b)(2) motion.

### III

For the above stated reasons, plaintiff's motion is overruled.

IT IS SO ORDERED.


Dated: August 15, 2005                                s:\Patricia A. Hemann
                                                     Patricia A. Hemann
                                                     United States Magistrate Judge